CHICAGO—FIRST DISTRICT—APRIL, 1917.    343

Kleiman v. Chicago & Northwestern Railway Co., 205 Ill. App. 343.

## Jennie Kleiman, Appellant, v. Chicago & Northwestern Railway Company, Appellee.

### Gen. No. 22,822.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Jennie Kleiman, plaintiff, against the Chicago & Northwestern Railway Company, defendant, to recover damages for personal injuries sustained by plaintiff being struck by the sudden lowering of the gates at defendant's railroad tracks while plaintiff was crossing in her automobile. From a judgment for plaintiff for five hundred dollars, plaintiff appeals.

ISRAEL COWEN, for appellant.

IRVING HERRIOTT and IRA C. BELDEN, for appellee; WILLIAM G. WHEELER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when finding of jury will not be disturbed.* The finding of the jury upon a controverted question of fact will not be disturbed unless it can be said to be manifestly contrary to the greater weight of the evidence, or unless there are such errors in the rulings of the court upon the admission or exclusion of evidence or upon instructions which injuriously affected the cause of a party.

2. EVIDENCE, § 439*—*when answer of medical witness to hypothetical question is incompetent.* Where the answer of a medical

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

witness to a hypothetical question was based in part, as testified to by him, upon his own knowledge of the plaintiff's case and his personal opinion, *held* that such answer was incompetent and properly excluded.

3. Damages, § 191*—*when question whether ailments of woman are proximately attributable to accident is for jury.* In an action to recover damages for personal injuries sustained by plaintiff being struck on the head by the gates being lowered at defendant's railroad crossing while she was passing, where plaintiff was shown to have suffered two miscarriages some time after the accident, *held* that it was within the province of the jury to determine whether the serious ailments suffered by plaintiff were proximately attributable to such accident or not.

4. Damages, § 188*—*when evidence is sufficient to show that ailments of woman were not causally connected with accident.* Evidence *held* sufficient to sustain the finding that plaintiff's ailments suffered by her some time after the accident by which she sustained injuries to her head, as the result of being struck by railroad crossing gates, were not causally connected with such accident, in an action against a railroad company to recover damages for such injuries.

5. Damages, § 242*—*when judgment not disturbed on account of inadequacy of.* A judgment will not be disturbed on review for mere inadequacy of damages awarded unless it is apparent that the verdict was the result of passion or prejudice in the jury or of errors of law by the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.